IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

SYLVESTER JONES,                     )
                                     )
              Plaintiff,             )
                                     )
v.                                   )        Case No: 4:16-CV-01184-SNLJ
                                     )
HENRY INDUSTRIES, INC.,              )
                                     )
              Defendant.             )

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF SYLVESTER JONES'S MOTION TO DISMISS AND/OR STRIKE DEFENDANT HENRY INDUSTRIES, INC.'S COUNTERCLAIMS

COMES NOW Plaintiff Sylvester Jones ("Plaintiff"), by and through counsel, and for his Memorandum of Law in Support of his Motion to Dismiss and/or Strike Defendant Henry Industries, Inc.'s ("Defendant") Counterclaims ("Motion"), states as follows:

### INTRODUCTION

On December 8, 2013, James Hose ("Hose") engaged in protected activity under the Fair Labor Standards Act ("FLSA") by filing an individual and collective action thereunder, seeking compensation for unpaid overtime wages.  On April 9, 2014, Plaintiff was one of three individuals to file an opt-in consent form to join Hose's collective action and to file a declaration in support of Hose's Motion for Conditional Certification.  On November 20, 2014, Defendant terminated Jones in retaliation for asserting his legal rights under the FLSA and related Missouri wage and hour laws.  Jones thereafter filed a complaint based on Defendant's unlawful retaliation.

In response, Defendant filed two counterclaims against Jones, claiming the "FLSA does not apply to independent contractors, and therefore does not provide the protection Jones seeks." [Doc. #8, p. 16 ¶ 46].  Under Count I, Defendant seeks a declaratory judgment stating Jones is an independent contractor and is not entitled to any relief under the FLSA. [Doc. #8, p. 17 ¶ 53].  In

1

support of this claim, Defendant asserts the "Cartage Agreement acknowledge[s] that [Jones] was an independent contractor, not an employee." [Doc. #8 p. 18 ¶ 52].

Under Count II, Defendant seeks indemnification from Hose under the Cartage Agreement for filing a lawsuit under the FLSA and claiming Defendant acted as an employer under the FLSA. In particular, Defendant asserts under the Cartage Agreement Jones worked "as an independent contractor only, and . . . [Jones] absolutely agree[d] to never work in the capacity of an employee, and hereby agree[d] that any attempt by [Jones] to work as an employee in any way, shape or form, will constitute a breach of this Agreement." [Doc. #8, p. 18 ¶ 57].  Thus, Defendant argues, "[b]y filing the present lawsuit, as well as those lawsuits currently pending in the United Stated District Court for the District of Kansas and the Missouri Circuit Court of St. Louis County, Jones is in breach of the Cartage Agreement." [Doc. #8, p. 19 ¶ 63].  Accordingly, Defendant asserts "Jones is required to indemnify Henry Industries for all damages, fees, costs of suit, and expenses, including attorneys' fees, that Henry Industries has already and will continue to suffer as a result of Hose's claims made in contravention of Section 7 of the Cartage Agreement." [Doc. #8, p. 19 ¶ 64].  This is said to include "damages in excess of $75,000 in attorneys' fees and costs defending against these meritless lawsuits." [Doc. #8, p. 20 ¶ 67].

Significantly, Defendant filed a substantially similar—if not identical[1]— counterclaim in a related case before the United States District Court for the District of Kansas, *James Hose v. Henry Industries, Inc.*, 2014 WL 1356039 at *1 (D. Kan. April 7, 2014).  The District Court in

---

[1] The only "difference" between the counterclaim in the Kansas litigation and the counterclaims here is that Defendant added a redundant "declaratory judgment" counterclaim (*i.e.*, "Count I"). The addition of this redundant counterclaim is improper and cannot cure the jurisdictional defects inherent in Defendant's indemnification counterclaims, upon which the District Court in the Kansas litigation correctly based its decision to dismiss Defendant's indemnification counterclaim therein.

Kansas dismissed the counterclaim, finding it not compulsory in nature because the focus of the indemnification counterclaim (*i.e.*, breach of contract) was markedly different than Hose's FLSA claim concerning the nature of his employment relationship with Defendant (*i.e.*, misclassification) and retaliation. *Id*. at *2.  Defendant's counterclaim in *Hose* depended entirely on contractual language, while Plaintiff's FLSA claim depended entirely on the economic realities of the parties' relationship. *Id*.  Because the counterclaim was permissive in nature, and because the counterclaim did not rest on a common set of operative facts as the FLSA claim, the District Court concluded it did not have supplemental jurisdiction under 28 U.S.C. § 1367(a). *Id*.

The District Court in Kansas further added, "…the plaintiff presents a series of additional arguments for the dismissal of the counter claim.  The court notes that at least some of these arguments bear the strong appearance of validity.  However, because **the court lacks subject matter jurisdiction over the counterclaim**, any formal resolution of these arguments would be both unnecessary and lack any binding effect." *Id*. (citing *Barbour Grp. v. Encon Int'l, Inc.*, No. 12-2557-JAR, 2013 WL 3781505, at *6) (D. Kan. July 18, 2013) (holding a broadly construed indemnification claim is premature until judgment is entered in the primary action).

Accordingly, Plaintiff moves to dismiss and/or strike Defendant's counterclaims pursuant to Rules 12(b)(1), 12(b)(6), and 12(f) on the following grounds: (1) this Court lacks subject matter jurisdiction over Defendant's indemnification counterclaim because it is permissive and it is preempted by the FLSA; (2) this Court lacks subject matter jurisdiction over Defendant's declaratory judgment counterclaim because it is not ripe; (3) to the extent this Court believes supplemental subject matter jurisdiction exists over Defendant's counterclaims, this Court should decline to exercise jurisdiction over both counterclaims because of the risk the counterclaims will substantially predominate over Plaintiff's claim and because compelling reasons for declining

jurisdiction exist, and (4) the counterclaims fail to state claims upon which relief may be granted because they are duplicative and fundamentally inconsistent with the FLSA and state contract law.

## LEGAL STANDARD

Rule 12(b)(1) provides a party may move to dismiss a claim based on a lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1).  The purpose of a Rule 12(b)(1) motion is to allow the court to address the threshold question of jurisdiction, as "judicial economy demands that the issue be decided at the outset rather than deferring it until trial." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990).

"Once subject matter jurisdiction is challenged, the [counterclaim-plaintiff] has the burden of establishing that jurisdiction exists." *Western Nebraska Resources Council v. Wyoming Fuel Co.*, 641 F. Supp. 128, 139 (D. Neb. 1986).  "It is within the discretion of the court to determine how to proceed on jurisdictional questions, and the court 'may consider materials outside the pleadings such as depositions or affidavits in determining whether the record demonstrates lack of subject matter jurisdiction." *Id.* (quoting *Satz v. ITT Financial Corp.*, 619 F.2d 738, 742 (8th Cir. 1980)); *see also Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (court may base dismissal for lack of subject matter jurisdiction on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts").

Rule 12(b)(6) provides a party may move to dismiss a claim based on a failure to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) requires "a complaint [to] contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).  The complaint must include factual allegations sufficient

"'to raise a right to relief above the speculative level,' however, and the motion to dismiss must be granted if the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Compass Bank v. Eager Rd. Associates, LLC*, No. 4:12CV1059 JCH, 2013 WL 3227940, at *2 (E.D. Mo. June 24, 2013) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007)). The Eighth Circuit clarified the proper analysis to determine whether a claim survives a motion to dismiss under Rule 12(b)(6):

> A complaint states a plausible claim for relief if its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." First, the court must take the plaintiff's factual allegations as true. **This tenet does not apply, however, to legal conclusions or "formulaic recitation of the elements of a cause of action"; such allegations may properly be set aside**. In addition, some factual allegations may be so indeterminate that they require "further factual enhancement" in order to state a claim. Finally, **the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible**.

*Braden*, 588 F.3d at 594 (emphases added).

Rule 12(f) also sets forth the basis for a motion to strike: "[t]he court may strike from a pleading an insufficient defense or any **redundant**, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f) (emphasis added). "Motions to strike are not favored and are infrequently granted, because they are an 'extreme measure' and proposed a drastic remedy." *Stanbury Law Firm, P.A. v. Internal Revenue Service*, 221 F.3d 1059, 1063 (8th Cir. 2000). However, district courts possess broad discretion in determining whether to strike a claim or defense from a pleading. *Id*.

**DISCUSSION**

I.    **THE COURT SHOULD DISMISS DEFENDANT'S COUNTERCLAIMS BECAUSE SUBJECT MATTER JURISDICTION IS LACKING.**

A court's lack of subject matter jurisdiction cannot be waived by the parties, nor can it be conferred upon the district court by agreement of the parties. *Perry v. Cowley Cnty. Cmty. Coll.*, 13-1425-JTM, 2013 WL 6804185, at *1 (D. Kan. Dec. 23, 2013).  A court lacking jurisdiction must dismiss the case, regardless of the stage of the proceeding, when it becomes apparent that jurisdiction is lacking. *Ngiendo v. Sedgwick Claims Mgmt. Servs., Inc.*, 13-4008-JAR-JPO, 2013 WL 5304049 at *2 (D. Kan. Sept. 20, 2013).  The party wishing to invoke federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Id.*  As detailed below, Defendant's counterclaims suffer from a lack of subject matter jurisdiction.

A.    **Defendant's Indemnification Counterclaim Is Permissive, Not Compulsory, And Thus Fails For Lack Of Subject Matter Jurisdiction.**

If a counterclaim is compulsory, it need not have an independent basis for subject-matter jurisdiction. *Shelter Mut. Ins. Co. v. Public Water Supply Dist. No. 7 of Jefferson County, Mo.*, 747 F.2d 1195, 1197 (8th Cir. 1984).  District courts may exercise ancillary jurisdiction over a compulsory counterclaim. *See id.*  However, unlike a compulsory counterclaim, a permissive counterclaim requires an independent basis for federal jurisdiction. *Id.*

A compulsory counterclaim arises out of the same transaction or occurrence that is the matter of the opposing party's claim. *Tullos v. Parks*, 915 F.2d 1192 (8th Cir. 1990).  Courts consider four factors in determining if a counterclaim is compulsory or permissive: (1) the similarities of the issues of fact and law raised by the claim and the counterclaim, (2) the preclusive effect on defendant's claim if not raised as a counterclaim, (3) the similarities in evidence to support or refute the claim and the counterclaim, and (4) if there is a logical relation between the claim and the counterclaim. *Cochrane v. Iowa Beef Processors*, 596 F. 2d. 254, 264 (8th Cir. 1979).

In determining whether a logical relation exists, courts "analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978).

An employment relationship cannot be the only link between a claim and a counterclaim. *Morris v. Blue Sky Management, LLC*, 2012 WL 527936 at *3-4 (W.D. Mo. February 16, 2012). In the FLSA context, courts routinely determine counterclaims are not compulsory because they lack a logical relationship with the initial claim. *See Torres v. Gristede's Operating Corp.,* 628 F. Supp. 2d 447, 467-68 (S.D.N.Y. 2008) (stating that the "slender reed" of an employment relationship "will not support a finding that the counterclaims are compulsory"); *Morris,* 2012 WL 527936 at * 3 (determination of plaintiff's employment status insufficient "'logical relationship' to find Defendants' counterclaims compulsory."). Similarly, where the evidence presented to a jury at trial on the underlying claim would differ from the evidence pertaining to the counterclaim and the relevant facts and applicable law would differ, the counterclaim is not compulsory. *See Adamson v. Dataco Derex, Inc.*, 178 F.R.D. 562, 565–566 (D. Kan. 1998).

Here, the only relationship between Plaintiff's FLSA claim and Defendant's indemnification counterclaim is Plaintiff's employment status. [*Compare* Doc. # 1 *with* Doc. # 8]. This singular connection is insufficient to make the counterclaim compulsory. Further, the evidence, facts, and law pertaining to Plaintiff's FLSA claim differ significantly from those pertaining to Defendant's breach-of-contract-based counterclaim. In the former, evidence will revolve around the economic realities of Plaintiff's relationship with Defendant (*e.g.*, the extent of Defendant's control over the work of Plaintiff, etc.) and these facts will be applied pursuant to FLSA case law. [*See* Doc. # 1]. As to the counterclaims, evidence will relate to, *inter alia*, the

Agreement's formation and validity under state contract principles and law. [*See* Doc. #8]. As the District Court of Kansas in *Hose* held when examining Defendant's identical counterclaim, Defendant's "indemnification claim is a separate and independent claim" that "involve[s] different legal and factual issues and will be grounded on separate evidence." *Hose*, 2014 WL 1356039 at *2. Defendant's indemnification counterclaim has a markedly different focus than Jones's FLSA retaliation claim, is not compulsory, and thus fails for want of subject matter jurisdiction. *Id*. Therefore, and for the reasons set forth *infra* in Section I.D.,[2] this Court should dismiss Defendant's Counterclaim under Rule 12(b)(1) because this Court lacks subject matter jurisdiction on Defendant's permissive counterclaim (or, alternatively, should not exercise subject matter jurisdiction over them).

### B. Defendant's Declaratory Judgment Counterclaim Fails For Lack Of Subject Matter Jurisdiction Because It Is Not Ripe.

Defendant's declaratory judgment counterclaim is not ripe because the issues are not fit for judicial decision at this stage of the proceedings and no hardship exists. Whether a claim is ripe for adjudication determines whether a court has subject matter jurisdiction. *Hartford Accident and Indemnity Co. v. Doe Roe Resources Corp.*, 663 F. Supp. 2d 771, 774 (E.D. Mo. 2009) (citing *Wax'n Works v. City of St. Paul*, 213 F.3d 1016, 1020 (8th Cir. 2000)). For declaratory judgments, the ripeness inquiry "requires the examination of both 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Public Water Supply Dist. No. 10 of Cass County, Mo. v. City of Peculiar, Mo.*, 345 F.3d 570, 572-73 (8th Cir. 2003). "Fitness

---

[2] For many of the same reasons Defendant's counterclaim is not compulsory, Defendant's counterclaim also does not provide this Court with supplemental jurisdiction. *See, e.g.*, *Morris*, 2012 WL 527936 at *3-4 ("[u]nder the same reasoning the Court used to find that there was not a 'logical relationship' between Plaintiff's FLSA claim and Defendants' state law counterclaims, the Court finds that the claims do not 'derive from a common nucleus of operative fact'"); *see also* Section I.D. *infra*.

for judicial decision" depends on whether an issue would benefit from further factual development. *Id*. at 573. A case is more likely to be ripe if it poses a purely legal question and is not contingent on future possibilities. *Id*. In addition, the threatened injury must be "certainly impending." *Hartford*, 663 F. Supp. 2d at 775.

In *Hartford*, the Court held it lacked subject matter jurisdiction over declaratory judgment action because it was not ripe. 663 F. Supp. 2d at 775. The plaintiff sought a declaration regarding indemnity obligations to defendant. *Id*. at 771. The defendant moved to dismiss the claim based on lack of subject matter jurisdiction in that the action was not ripe for judicial review. *Id*. The Court concluded the declaratory judgment satisfied neither the fitness nor hardship prongs of the ripeness doctrine in that the injury to the plaintiff was speculative and would occur only after decision on a separate claim. *Id*.

Here, like in *Hartford*, the speculative and contingent nature of the relief sought by Defendant demonstrates its counterclaims are not ripe. Under Count I, a determination of the nature of the relationship between Plaintiff and Defendant (*i.e.*, employee vs. independent contractor) is an issue subsumed within Plaintiff's FLSA claim which has not been developed factually or addressed yet in this litigation. Substantial, unresolved factual issues exist. The issue concerning the nature of the relationship between Plaintiff and Defendant does not pose a "purely legal question" which is not contingent on future possibilities. This determination requires fact-intensive analysis and the development of a substantial factual record through discovery concerning all aspects of Defendant's control and influence over Plaintiff's work. *See, e.g.*, *Childress v. Ozark Delivery of Missouri, LLC*, 95 F. Supp. 3d 1130, 1142-1146 (W.D. Mo. 2015) (applying economic realities test and finding defendant an "employer" under FLSA). Moreover, even if this Court decided the declaratory judgment action, the injury to Defendant remains

speculative at best in that the FLSA does not permit indemnity actions against employees.  As such, Defendant's declaratory judgment counterclaim neither is fit for judicial decision nor involves hardship to the parties.  As such, it does not state a claim upon which relief may be granted and should be dismissed.

C.    **Defendant's Indemnification Counterclaim Fails For Lack Of Subject Matter Jurisdiction Due To Preemption By—And A Fundamental Conflict With— The FLSA And Its Broad Remedial Scheme.**

The Court should also dismiss and/or strike the counterclaims for lack of subject matter jurisdiction because such claims are preempted by, and fundamentally inconsistent with, the FLSA and its broad remedial scheme. *Phillips v. Trans Health Mgmt., Inc.*, No. H-04-0458, 2004 WL 5842401, at *1-4 (S.D. Tex. July 15, 2004) (granting motion to strike defendant's breach-of-contract counterclaim because it was impermissible under the FLSA); *Marshall v. Wallace Oil Co., Inc.*, No. C80-451A, 1980 WL 2101, at *1-3 (N.D. Ga. Sept. 19, 1980) (granting motion to strike defendants' counterclaim because "neither set-off nor recoupment is permitted in an action for unpaid back wages under the FLSA").  More specifically, if permitted to stand, Defendant's counterclaims would undermine the very purpose of the FLSA by allowing the putative employer to seek reimbursement of attorneys' fees incurred in defense against *Plaintiff's filing of a lawsuit under the FLSA*. [Doc. #8, p. 20].

Several Circuits have clarified that the FLSA not only expressly prohibits employer retaliation against an employee for filing a lawsuit thereunder,[3] but also prohibits indemnity actions by employers against employees. *See Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132, 143 (2d Cir. 1999) (explaining that "regardless of the status of the party from whom [the employer]

---

[3] Defendant's counterclaims are undoubtedly retaliatory in nature, especially in light of Plaintiff's allegations Defendant retaliated against Plaintiff by terminating him after he opted-in to Hose's collective action. [Doc. # 1].

seeks contribution" no right to indemnification exists for employers under the FLSA); *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1264 (5th Cir. 1986) ("[n]o cause of action for indemnity by an employer against its employees who violate the Act appears in the statute, nor in forty years of its existence has the Act been construed to incorporate such a theory"); *Lyle v. Food Lion*, 954 F.2d 984 (4th Cir. 1992) (affirming dismissal of counterclaim seeking indemnification from employee); *Martin v. Gingerbread House, Inc.*, 977 F.2d 1405, 1406-08 (10th Cir. 1992) (holding employer claims seeking indemnity from an employee are preempted by FLSA because "[c]ompliance with the FLSA will not be furthered if employees must defend against indemnity actions"); *Gustafson v. Bell Atlantic Corp.*, 171 F. Supp. 2d 311, 327-28 (S.D.N.Y. 2011) ("[a]llowing indemnification would permit employers to contract away their obligations under the FLSA, a result that flouts the purpose of the statute"); 29 U.S.C. § 215(a)(3) (prohibiting employer retaliation); *see also Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542-43 (11th Cir. 1985) (FLSA does not provide for an award of attorneys' fees to prevailing defendant); *E.E.O.C. v. Clay Printing Co.*, 13 F.3d 813, 816-17 (4th Cir. 1994) (same); 29 U.S.C. § 216(b) (providing for an attorneys' fee award *only* to prevailing *plaintiffs*).

Moreover, no private contract between employer and employee can abrogate the rights and privileges set forth by the FLSA, or otherwise run afoul of the FLSA's fundamental policy and purpose:

> The Fair Labor Standards Act was not designed to codify or perpetuate those customs and contracts which allow an employer to claim all of an employee's time while compensating him for only a part of it. Congress intended, instead, to achieve a uniform national policy of guaranteeing compensation for all work or employment engaged in by employees covered by the Act. **Any custom or contract falling short of that basic policy**, like an agreement to pay less than the minimum wage requirements, **cannot be utilized to deprive employees of their statutory rights.**

*Jewell Ridge Coal Corp. v. Local No. 6167*, 325 U.S. 161, 167 (1945) (emphasis added).  For decades, the Supreme Court has repeatedly emphasized the remedial nature of the FLSA and the consequent need to broadly interpret its requirements and prohibitions:

> The legislative history of the Fair Labor Standards Act shows an intent on the part of Congress to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce. The statute was a recognition of the fact that **due to the unequal bargaining power as between employer and employee**, certain segments of the population required federal compulsory legislation to **prevent private contracts on their part which endangered national health and efficiency** and as a result the free movement of goods in interstate commerce.

*Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945) (emphases added); *see also Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 597 (1944) (FLSA "must not be interpreted or applied in a narrow, grudging manner").

Here, Defendant's counterclaims are preempted by and inconsistent with the FLSA. Defendant notably seeks to enforce a contract provision which makes its workers liable for any and all costs and expenses—without limitation—that Defendant may incur in defending against any action or suit by said workers "based on a theory that any of the indemnified parties is an employer or joint employer of any such contractor," regardless of the merits or outcome of said action or suit. [Doc. #8, p. 19].  In other words, Defendant contends, under Section 7 of the Cartage Agreement, that an employee who demonstrates as a matter of fact and law that he or she was unlawfully misclassified as an independent contractor by his or her employer would have to pay for his or her employer's attorneys' fees and costs in defending against the employee's meritorious suit.  This is an absurd result, directly violating the FLSA. *See, e.g.*, 29 U.S.C. § 216(b).  Such a contractual arrangement completely disregards the intent of Congress in enacting the FLSA, the broad remedial scheme of the FLSA, Supreme-Court-mandated broad interpretations of the protections under the FLSA, and the enforcement priorities of the Department of Labor. *See, e.g.*,

*Martin*, 977 F.2d 1405 at 1406-08 ("Congress sought to foster a climate in which compliance with the substantive provisions of [the FLSA] would be enhanced") (quoting *Mitchell v. Robert De Mario Jewelry, Inc.*, 361 U.S. 288, 292 (1960)).

Moreover, the fundamental policy of the FLSA prohibits Defendant's indemnification counterclaims because they would enable employers to circumvent critical protections afforded by the FLSA, in blatant disregard of the enforcement policies enunciated by both Congress and the Department of Labor.[4]  Under Defendant's contract-based rationale for its counterclaims, any employer (or purported "contractor") could require its employees (or purported "independent contractors") to sign an agreement mandating indemnification for *any* effort by said employees to seek legal determination of their rights under the FLSA, regardless of the merits of said efforts. Employers could thereby effectively prevent legal challenges to their employment practices (*i.e.*, employee classification schemes) by shifting substantial liability for the employer's attorneys' fees and costs **onto employees**.  Congress did not intend to create such perverse incentives in passing the FLSA.  Defendant's counterclaims must be dismissed.

> **D.    This Court Should Not Exercise Supplemental Jurisdiction Over Defendant's Counterclaims Because Such Claims Threaten To Predominate Over Plaintiff's FLSA Claim And To Undermine The FLSA.**

This Court should not exercise supplemental jurisdiction over Defendant's improper counterclaims.  Federal law provides several reasons for which district courts may choose to decline supplemental jurisdiction over claims that otherwise "form part of the same case or controversy" under 28 U.S.C. § 1367(a). *See* 28 U.S.C. § 1367(c).  District courts may decline

---

[4] Misclassification of employees as independent contractors, owners, LLC members, or partners is an on-going and pervasive problem in the present economy and an enforcement priority of the Department of Labor, according to the Administrator's recently released Interpretive Bulletin. *See* Administrator's Interpretation No. 2015-1, United States Department of Labor (July 15, 2015), *available at* http://www.dol.gov/whd/workers/Misclassification/AI-2015_1.htm.

supplemental jurisdiction over a claim due to: (1) a risk that the claim will substantially predominate over the claim or claims over which the district court has original jurisdiction, or (2) other compelling reasons for declining jurisdiction under exceptional circumstances. *Id*.  Here, this Court should deny supplemental jurisdiction over Defendant's counterclaims for both of these reasons.

Many federal courts—including *Morris*—have cautioned against bringing additional employment disagreement claims into FLSA cases because the sole and exclusive purpose of the FLSA is to ensure employer compliance therewith. *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974) ("[t]he only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards….[t]o clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act"); *see also LeCompte*, 780 F.2d at 1264; *Lyle*, 954 F.2d at 987; *Martin*, 977 F.2d at 1408; *Herman*, 172 F.3d at 144.  "To permit [an employer] in [an FLSA] proceeding to try his private claims, real or imagined, against his employees would delay and even subvert the whole process." *Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983) (recommending the defendant pursue independent claims against employees for damages in state court); *see also Villareal v. El Chile, Inc.*, 601 F. Supp. 2d 1011, 1014-16 (N.D. Ill. 2009) (dismissing with prejudice indemnification counterclaim as inconsistent with federal policy underlying the FLSA); *Morrisroe v. Goldsboro Mill. Co.*, 884 F. Supp. 192, 195 (E.D.N.C. 1994) (the FLSA does not countenance independent actions by the employer to recover costs against employees).

The Western District in *Morris* held "even if the Court found that the state law claims derived from the same common nucleus of operative fact, the Court would decline to exercise its supplemental jurisdiction because of the concern that [the defendants'] state law claims would

substantially predominate over [the plaintiff's] FLSA claims." *Morris*, 2012 WL 527936 at *4 (citing 28 U.S.C. § 1367(c) and *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1287 (8th Cir. 1998)).  In light of the large body of federal cases prohibiting employers for improperly injecting indemnification claims against employees into FLSA cases brought by said employees, and because "much of the evidence to prove [the defendants'] counterclaims has the potential to predominate over the FLSA claim and significantly delay its resolution, which would be contrary to the FLSA's purpose," the *Morris* court granted the plaintiff's motion to dismiss the defendants' counterclaim. *Morris*, 2012 WL 527936 at *5.

Here, the facts and circumstances justify dismissal of Defendant's counterclaims, especially in light of the remedial purpose of the FLSA.  As noted above, the parties' respective claims here are wholly distinct, like the parties' claims in *Morris*.  Assuming *arguendo* they are not, a substantial risk exists that Defendant's indemnification-based counterclaims for an undefined and uncapped amount of attorneys' fees in excess of $75,000 would predominate over Jones's individual, straightforward claim for damages resulting from Defendant's retaliatory conduct under the FLSA.  Defendant's counterclaims will also predominate over Plaintiff's retaliation claims due—in significant part—to, *inter alia*, the variety of available contract-based claims and defenses under *both* Missouri *and* federal law which will require the development of a wholly distinct factual record.[5]  Moreover, the fundamental inconsistency of Defendant's indemnity action with decades of FLSA precedent and its broad remedial scheme presents

---

[5] Among the many claims and defenses that arise under Missouri law (which presumably governs questions concerning the enforceability of the Cartage Agreement), Defendant's counterclaims will also inevitably involve issues as to whether the Cartage Agreement is enforceable under, or preempted by, the FLSA due to its inconsistency with the basic remedial purpose of the FLSA and the unmistakable chilling effect its acceptance as a valid contract would have on employees seeking to vindicate their rights under the FLSA, as referenced and explained herein.

exceptional and compelling circumstances under which this Court should decline supplemental jurisdiction. For the foregoing reasons, pursuant to 28 U.S.C. § 1367(c), this Court should deny supplemental jurisdiction over Defendant's counterclaims and dismiss the same.

Plaintiff respectfully requests this Court to dismiss and/or strike Defendant's counterclaims by: (1) finding a lack of subject matter jurisdiction over the counterclaims because they lack a common nucleus of operative fact with Plaintiff's FLSA retaliation claim, are unripe, and prohibited by federal law; and/or (2) declining supplemental jurisdiction because Defendant's counterclaims (a) pose a substantial risk of unfairly predominating over Plaintiff's FLSA retaliation claim, and (b) undermine and violate the FLSA and its fundamental purpose.

## II. THE COURT SHOULD DISMISS AND/OR STRIKE DEFENDANT'S COUNTERCLAIMS BECAUSE THEY FAIL TO STATE CLAIMS UPON WHICH RELIEF MAY BE GRANTED.

This Court should dismiss Defendant's counterclaims because: (1) the declaratory judgment counterclaim fails to state a claim upon which relief may be granted because it is duplicative of issues raised in Plaintiff's cause of action; and (2) the indemnification counterclaim fails to state a claim upon which relief may be granted because it is invalid and unenforceable under federal and state law.

### A. Defendants' Counterclaim for Declaratory Judgment Does Not State a Claim Upon Which Relief May Be Granted Because It Is Duplicative.

Defendant's counterclaim under the Declaratory Judgment Act[6] fails to state a claim upon relief may be granted because it seeks relief on an issue already subsumed within Plaintiff's FLSA

---

[6] The Declaratory Judgment Act does not provide an independent basis for subject matter jurisdiction in federal court. *Aeta Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937). Defendant's claim of jurisdiction thereunder fails. [Doc. #8, p. 10, ¶ 5].

claim—that is, whether Plaintiff was an employee or independent contractor of Defendant.[7]  As a threshold matter, "district courts have discretion to decide whether to entertain declaratory judgment actions." *BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir. 1995) (citing 28 U.S.C. § 2201(a)) (finding district court abused its discretion for not dismissing declaratory judgment action based on affirmative defense).

An action for declaratory judgment predicated solely upon a duplicative or redundant issue is improper and should be dismissed. *See Englewood Lending Inc. v. G & G Coachella Investments, LLC*, 651 F. Supp. 2d 1141, 1143-47 (C.D. Cal. 2009) (granting 12(b)(6) motions to dismiss counterclaims because "the issues on which the [counterclaim-plaintiffs] seek a determination are already before the Court" and "the [counterclaim-plaintiffs] do not live in fear of a potential suit; they are already obliged to defend against one"); *Sliding Door Co. v. KLS Doors, LLC*, 2013 WL 2090298 (C.D. Cal. 2013) (dismissing declaratory judgment because it was duplicative of issues raised by the plaintiff's cause of action); *see also Marshall*, 1980 WL 2101 at *1-3 (granting motion to strike defendants' counterclaim); *Phillips*, 2004 WL 5842401 at *1-4 (same); Rule 12(f) (court may strike redundant matters from pleadings).

This Court has recently noted that Rule 57, which governs declaratory judgment actions, does not provide that a declaratory judgment action "will lie whenever there is a pending controversy, regardless of the need for it." *Margulis v. Eagle Health Advisors, LLC*, No. 4:15-CV-01248-JAR, at *6 (E.D.Mo. March 31, 2016) (dismissing redundant declaratory judgment count) (citing *Amerisure Mut. Ins. Co. v. Maschmeyer Landscapers, Inc.*, No. 4:06-CV-1308-CEJ, 2007 WL 2811080, at *2 (E.D. Mo. Sept. 24, 2007)). "Whether to entertain the action rests in the

---

[7] In addition to moving to dismiss the counterclaims under Rule 12(b)(6), Plaintiff also seeks to strike them under Rule 12(f).

discretion of the judge," and a declaratory judgment action should lie "only in cases where it could be of some practical convenience to the parties." *Id*. (citing *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942)). A court may decline to enter declaratory judgment if such a judgment "would not terminate the uncertainty or controversy giving rise to the proceeding." *Id*. (quoting *J.H. Fichman Co., Inc. v. City of Kansas City*, 800 S.W.2d 24, 27 (Mo. Ct. App.1990)).

Here, like the counterclaims in *Englewood* and *Sliding Door*, Defendant's declaratory judgment action is redundant because the issue for which it seeks determination is already before this Court. Defendant seeks "a determination regarding the nature of the relationship between Henry Industries and Sylvester Jones, namely whether Jones was an employee or independent contractor of Henry Industries." [Doc. #8, p. 10]. Plaintiff alleged in his complaint, *inter alia*, he was unlawfully retaliated against by filing a complaint under the FLSA *as an employee of Henry Industries, Inc.* [Doc. #1, pp. 2-6]. Thus, the issue concerning the nature of Plaintiff's relationship with Defendant is already subsumed within Plaintiff's retaliation claim under the FLSA, against which Defendant must already defend. *See Englewood*, 651 F. Supp. 2d at 1145 (considering purpose of Declaratory Judgment Act to determine whether to entertain a declaratory judgment claim and noting "[t]he purpose of the Declaratory Judgment Act is 'to relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure—or never'").

Moreover, to the extent Defendant contends Plaintiff did not raise the issue concerning the nature of his relationship with Defendant in his complaint, Defendant specifically raised the issue in its affirmative defenses. [Doc. #8, p. 8]; *Englewood*, 651 F. Supp. 2d. at 1147 ("the relief requested in the second counterclaim [of the counterclaim-plaintiff] is the dismissal of the seventh claim [by counterclaim-defendant or original plaintiff] and the success of the first and second

18

affirmative defenses [of counterclaim-plaintiff]" and thus is superfluous).  Like the counterclaims in *Englewood*, Defendant's declaratory judgment counterclaim is superfluous because Defendant raised it also as an affirmative defense.  Defendant's declaratory judgment counterclaim should be dismissed and/or stricken under Rule 12.

      **B.**      **Defendant's Indemnification Counterclaim Fails to Sufficiently State A Claim Upon Which Relief May Be Granted Because The FLSA Prohibits Defendants From Seeking Indemnity From Employees For Costs And Expenses Associated With Defending A Suit Under the FLSA.**

The broad remedial scheme of the FLSA prohibits Defendant's indemnification counterclaim.  "Where Congress has undertaken to regulate an area, state law must yield to the extent it is in conflict with the validly exercised federal law-making effort." *LeCompte*, 780 F.2d at 1264 (citing U.S. Const., Art. 6, Cl. 2).  The FLSA provides minimum and overtime pay scales for covered employees. *Thornton v. Charter Comm'ns, LLC*, No. 4:12CV479 SNLJ, 2014 WL 4794320, at *8 (E.D. Mo. Sept. 25, 2014) (citing 29 U.S.C. §§ 201-219).

The FLSA defines "employee" as "any individual employed by an employer." *Id*.  The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee" and "employ" as "to suffer or permit to work." *Id*.  "The Supreme Court has instructed that courts are to interpret the term 'employ' in the FLSA expansively." *Schubert v. Bethesda Health Grp., Inc.*, 319 F. Supp. 2d 963, 971 (E.D. Mo. 2004) (citing *Hale v. Arizona,* 993 F.2d 1387, 1393 (9th Cir. 1993)). These terms are broad and comprehensive in order to accomplish the remedial purposes of the FLSA. *Thornton*, 2014 WL 4794320, at *9 (E.D. Mo. 2014) (citing *United States v. Rosenwasser,* 323 U.S. 360, 362–63, (1945)).

The Supreme Court's decisions interpreting the FLSA "have frequently emphasized the non-waivable nature of an individual employee's right to a minimum wage and to overtime pay under the Act." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981); *see also*

*Brown v. L & P Indus., LLC*, 2005 WL 3503637, at *7 (E.D. Ark. 2005) (holding the plaintiff could not waive her right to receive time and a half for overtime even if she had wanted to, and the defendant was not released from its obligation to pay her in accordance with the law). Accordingly, the Court has held statutory rights "cannot be abridged by contract or otherwise" because doing so would "nullify the purposes of the statute and thwart the legislative policies behind the FLSA." *Id.*

Pleading the legal conclusion that a plaintiff is an independent contractor rather than an employee is not sufficient to remove that plaintiff from the protection of the FLSA. *Yaw Adu Poku v. BeavEx, Inc.*, No. CIV.A. 13-3327 SRC, 2013 WL 5937414, at *2 (D. N.J. 2013) ("even if the counterclaim affirmatively alleged that Plaintiffs were independent contractors and not employees, that is a legal conclusion which is not credited on a motion to dismiss"). The mere existence of a contract reflecting Defendant's own classification of Plaintiff as an independent contractor has no legal bearing on the existence of an employee-employer relationship under the FLSA. *Crouch v. Guardian Angel Nursing, Inc.*, No. CIV.A. 3:07-CV-00541, 2009 WL 3738095, at *4 (M.D. Tenn. Nov. 4, 2009); *see also Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947) ("putting on an 'independent contractor' label does not take the worker from the protection of the Act"); *Thornton v. Charter Comm'ns, LLC*, No. 4:12CV479 SNLJ, 2014 WL 4794320, at *8 (E.D. Mo. Sept. 25, 2014) ("employment status is determined based on the economic reality of the relationship between the plaintiff and defendants, rather than concepts of agency law").

Indemnity actions against employees directly contravene the purposes of the FLSA and cannot survive a motion to dismiss. *Martin*, 977 F. 2d at 1407–08 (examination of purposes of FLSA shows "intent to provide minimum standards in the work place would not be served by allowing" an employer cause of action for indemnity). This is because "an employer who believed

that any violation of the…provisions could be recovered from its employees would have a diminished incentive to comply with the statute." *Id*. at 1407 (internal citations omitted). "Compliance with the FLSA will not be furthered if employees must defend against indemnity actions." *Id*.[8]

Even in cases where the parties dispute whether a plaintiff is a protected employee under the FLSA, district courts routinely dismiss counterclaims for indemnification brought against such a plaintiff. *See, e.g., Bailon v. Seok AM No. 1 Corp.,* No. C09-05483JRC, 2009 WL 4884340 (W.D. Wash. Dec. 9, 2009); *Varnell, Struck & Associates, Inc. v. Lowe's Companies, Inc*., 5:06CV068, 2008 WL 1820830 (W.D.N.C. Apr. 21, 2008); *Ruffin v. Entm't of the E. Panhandle*, 845 F. Supp. 2d 762, 770 (N.D.W. Va. 2011) (dismissing counterclaim by defendant seeking indemnification based on plaintiff's agreement to work as an independent contractor); *Yaw,* 2013 WL 5937414 at *2 (dismissing counterclaim by defendant seeking indemnification based on plaintiff's agreement to work as an independent contractor).

Here, Defendant's indemnification counterclaim depends solely and exclusively upon an invalid and unenforceable contract between Defendant and Plaintiff. [Doc. #8, pp. 17-20]. As a threshold matter, the court need not heed legal conclusions—including but not limited to Defendant's contention that "the 'Cartage Agreement' is a valid and enforceable contract—when

---

[8] Courts similarly dismiss counterclaims for indemnification under statutes that afford additional protection to plaintiffs who assert their rights thereunder, relying upon so called private attorneys general for enforcement. One such example comes in the context of the False Claims Act ("FCA"). *See U.S. ex rel. Longhi v. Lithium Power Technologies, Inc*., 481 F. Supp. 2d 815, 823 (S.D. Tex. 2007) (citing *Mortgages, Inc. v. U.S. Dist. Court for Dist. of Nevada (Las Vegas),* 934 F.2d 209, 213 (9th Cir.1991) ("The FCA is in no way intended to ameliorate the liability of wrongdoers by providing defendants with a remedy against a qui tam plaintiff."). "[T]o permit a counterclaim…would set a precedent that would be a strong deterrent to the institution of genuine informer's actions ..." *U.S. ex rel. Longhi v. Lithium Power Technologies, Inc.,* 481 F. Supp. 2d 815, 823 (S.D. Tex. 2007) (internal citations omitted).

reviewing a motion to dismiss a counterclaim. *Braden*, 588 F.3d at 594; [Doc. #8, p. 18]. Section 7 of the "Cartage Agreement" is not valid or enforceable because it is preempted by the FLSA. *LeCompte*, 780 F.2d at 1264-65; *Martin*, 977 F.2d at 1408; *Lyle*, 954 F.2d at 987; *Herman*, 172 F.3d at 143-44. The foregoing case law demonstrates employers may not turn the broad remedial scheme of the FLSA on its head by seeking indemnification from employees via private contract for pursuing a legal determination of their FLSA rights. Because the FLSA prohibits Defendant's counterclaim, it fails to state a claim upon which relief may be granted.

### C. Defendant's Indemnification Counterclaim Fails to Sufficiently State A Claim Upon Which Relief May Be Granted Because Section 7 Of The Cartage Agreement Is Invalid And Unenforceable Under Missouri Law.

Defendant's indemnification counterclaim fails to state a claim upon which relief may be granted because Missouri law prohibits enforcement of contracts that violate laws or public policy. "[C]ourts should not recognize contracts that violate law or public policy." *Swenson v. Mgmt. Recruiters Int'l, Inc.*, 872 F.2d 264, 267 (8th Cir. 1989). In accordance with this policy, this District has stated "[t]he bottom line is that the courts should not enforce a contract that violates some explicit public policy." *Swenson*, 872 F.2d at 267. Missouri law provides that a "contract which undertakes to indemnify against the consequences of an act which is illegal, because against positive law or public policy is void." *Terminal R. Ass'n of St. Louis v. Ralston-Purina Co.*, 180 S.W.2d 693, 695 (Mo. 1944); *see also generally Liberty Financial Mgmt. Corp. v. Beneficial Data Processing Corp.*, 670 S.W.2d 40, 47-48 (Mo. Ct. App. 1984) (an agreement to exempt or exonerate a party from the consequences of its own willful conduct causing harm is void against public policy) (citing 6A Corbin on Contracts, § 1472 (1962)).

Under Missouri law, a contract of indemnity shifts liability from one party to another. *Village of Big Lake v. BNSF R. Co., Inc.*, 433 S.W.3d 460, 466-67 (Mo. Ct. App. 2014). Contracts

of indemnity are usually intended to provide against loss or liability of one party, through the operations of the other, or caused by physical conditions that are under the control of the other—over which the party indemnified has no control, and the party indemnifying has control. *Kansas City Power & Light Co. v. Fed. Const. Corp.*, 351 S.W.2d 741, 745 (Mo. 1961).  Indemnity agreements are subject to the same rules of construction as contracts. *Union Elec. Co. v. Sw. Bell Tel. L.P.*, 378 F.3d 781, 786 (8th Cir. 2004) (citing *Chehval v. St. John's Mercy Med. Ctr.,* 958 S.W.2d 36, 38 (Mo. Ct. App. 1997)).

Courts cannot enforce an unconscionable contract or clause. *State ex rel. Vincent v. Schneider*, 194 S.W.3d 853, 858 (Mo. banc 2006) ("[t]he doctrine of unconscionability gives courts the discretion to invalidate contracts that cause one of the parties to be subject to an absence of meaningful choice and unfairly oppressive terms") (internal quotations omitted).  Two types of unconscionability exist: procedural and substantive. *Id*.  Procedural unconscionability concerns unfair or oppressive circumstances surrounding contract formation. *Id*.  Substantive unconscionability exists if there is undue harshness in the actual terms of the agreement itself. *Id*.  Determination of whether a contract is unconscionable depends in part on the identity of the parties to the contract. *See Purcell Tire & Rubber Co., Inc. v. Executive Beechcraft, Inc.*, 59 S.W.3d 505, 510 (Mo. banc 2011) ("[w]here both parties are sophisticated businesses and damages are economic, courts rarely find that liability limitations are unconscionable") (internal citations omitted).

Here, the Cartage Agreement is both procedurally and substantively unconscionable. Section 7 of the Cartage Agreement contains substantively unconscionable terms in that it prohibits any person working for Defendant from pursuing his or her rights under the FLSA without subjecting himself or herself to liability for any and all fees and costs incurred by Defendant in

23

defending against a cause of action under the FLSA brought by him or her. The terms of Section 7 are unduly harsh and oppressive as they penalize an employee for pursuing his or her rights under the FLSA. Thus, the terms of Section 7 spurn the legislative intent embodied in the FLSA and seek to nullify the public interest purposes of the FLSA. *Barrentine*, 450 U.S. at 740 (quoting *Brooklyn Sav.*, 324 U.S. at 707) ("[w]e have held that FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate").

In addition, the terms of Section 7 (if not found unconscionable) would actively encourage employers to unlawfully circumvent the broad remedial scheme of the FLSA by requiring nominal independent contractors to agree to similar terms. Moreover, the Cartage Agreement is procedurally unconscionable because Defendant—a sophisticated business entity enjoying significant leverage over individuals—required Plaintiff and other individuals to sign it in order to perform services for Defendant. The indemnity terms were not negotiated between two sophisticated business entities. Without a valid and enforceable contract, Defendant has no claim for indemnification. Accordingly, this Court should dismiss Defendant's indemnification counterclaims for failure to state a claim upon which relief may be granted.

## CONCLUSION

WHEREFORE, Plaintiff Sylvester Jones respectfully requests this Court grant his Motion to Dismiss and/or Strike Defendant's counterclaims because: (1) this Court lacks subject matter jurisdiction over Defendant's indemnification counterclaim because it is permissive and it is preempted by the FLSA; (2) this Court lacks subject matter jurisdiction over Defendant's declaratory judgment counterclaim because it is not ripe; (3) to the extent this Court believes supplemental subject matter jurisdiction exists over Defendant's counterclaims, this Court should

decline to exercise jurisdiction over both counterclaims because of the risk the counterclaims will substantially predominate over Plaintiff's claim and because compelling reasons for declining jurisdiction exist, and (4) the counterclaims fail to state claims upon which relief may be granted because they are duplicative and fundamentally inconsistent with the FLSA and state contract law.

Respectfully submitted,


By:  */s/ Kevin Dolley*
Kevin J. Dolley, #54132MO
LAW OFFICES OF KEVIN J. DOLLEY, LLC
2726 S. Brentwood Blvd.
St. Louis MO 63144
(314) 645-4100 (office)
(314) 736-6216 (fax)
kevin@dolleylaw.com

Cyrus Dashtaki, #57606MO
Dashtaki Law Firm, LLC
5201 Hampton Avenue
St. Louis, Missouri 63109
Telephone: (314) 832-9600
Facsimile: (314) 353-0181
Email: cyrus@dashtaki.com

*Attorneys for Plaintiff Sylvester Jones*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 4, 2016, a true and correct copy of the above and foregoing document has been served upon counsel of record by filing this document on the Court's CM/ECF filing system.

/s/ Kevin Dolley