UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| SYLVESTER JONES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16CV1184 SNLJ |
| | ) | |
| HENRY INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant, | ) | |

## MEMORANDUM AND ORDER

Plaintiff Sylvester Jones filed this action against defendant Henry Industries, Inc. ("Henry") alleging wrongful termination under Missouri common law and that defendant retaliated against plaintiff in violation of the Fair Labor Standards Act, 29 U.S.C § 215(a)(3) ("FLSA"). Defendant counterclaimed, seeking a determination that plaintiff was an independent contractor and seeking indemnification from plaintiff for breach of contract. Plaintiff moved to dismiss those counterclaims on October 4, 2016 (#12).

**I.    Background**

Henry is a third party logistics company that arranges for a variety of pickup and delivery services for customers across the country. Henry alleges that it does not itself provide the courier services to its customers, but rather Henry enters into "Cartage Contracts" with purported independent contractors to provide the courier services. Jones entered into one of those Cartage Contracts with Henry to provide such services. Section 7 of the Cartage Contract provides

1

> INDEMNITY. CONTRACTOR AGREES TO INDEMNIFY, HOLD HARMLESS, AND AT [HENRY'S] OPTION, DEFEND [HENRY] AND ITS AFFILIATES…FROM ALL LIABILITIES, DAMAGES, FEES, FINES, PENALTIES, AND CLAIMS OF ANY KIND, COSTS OF SUIT, SETTLEMENTS, JUDGEMENTS, AND ANY OTHER EXPENSE (INCLUDING ATTORNEYS' FEES) TO WHICH ANY OF THE INDEMNIFIED PARTIES MAY BE SUBJECTED, ARISING OUT OF OR IN CONNECTION WITH…ANY ACTION…INITIATED BY OR ON BEHALF OF ANY CONTRACTOR OR CONTRACTOR WORKER BASED ON A THEORY THAT ANY OF THE INDEMNIFIED PARTIES IS AN EMPLOYER OR JOINT EMPLOYER OF ANY SUCH CONTRACTOR.

In 2014, Jones joined a collective action brought against Henry by his coworker James Hose. That collective action was brought under the FLSA, alleged that Henry was wrongfully classifying its employees as independent contractors, and sought compensation for unpaid overtime wages. Later that year, Henry terminated Jones's employment. Plaintiff Jones then filed the instant lawsuit against Henry, claiming that Henry had terminated Jones in retaliation for asserting his legal rights under the FLSA and related Missouri wage and hour laws.

In response, Henry filed two counterclaims against Jones based the Cartage Contract to which Henry and Jones are parties. Henry claims that the FLSA does not apply to independent contractors and so does not provide the protection Jones seeks. Henry thus seeks, in Count I, a declaratory judgment stating Jones is an independent contractor not entitled to relief under the FLSA. In Count II, Henry seeks indemnification from Jones under the Cartage Contract for filing a lawsuit under the FLSA. Henry contends Jones is in breach of the Cartage Contract for having filed this

lawsuit and other lawsuits currently pending in the United States District Court for the District of Kansas[1] and Circuit Court for St. Louis County, Missouri.

Jones has moved to dismiss the counterclaim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and has moved to strike under Rule 12(f).

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) provides a party may move to dismiss a claim based on a lack of subject matter jurisdiction. The purpose of a Rule 12(b)(1) motion is to allow the Court to address the threshold question of jurisdiction, as "because jurisdiction is a threshold question, judicial economy demands that the issue be decided at the outset rather than deferring it until trial." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). The burden of proving subject matter jurisdiction rests on the counterclaim plaintiff. *Riley v. United States*, 486 F.3d 1030, 1032 (8th Cir. 2007).

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content. . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010)

---

[1] Notably, Henry filed a similar counterclaim in the Kansas *Hose* matter, *Hose v. Henry Industries, Inc.*, No. 13-2490-JTM, 2014 WL 1356039, at *1 (D. Kan. April 7, 2014). There, the Kansas district court dismissed Henry's counterclaim.

3

(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster.  *Iqbal*, 556 U.S. at 678.

Rule 12(f) allows that the Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "Because such relief is an extreme measure, however, motions under Rule 12(f) are viewed with disfavor in the Eighth Circuit and are infrequently granted." *E.E.O.C. v. Prod. Fabricators, Inc.*, 873 F. Supp. 2d 1093, 1097 (D. Minn. 2012) (internal quotations omitted) (citing *Stanbury Law Firm, P.A. v. Internal Revenue Serv.*, 221 F.3d 1059, 1063 (8th Cir. 2000); *Daigle v. Ford Motor Co.*, 713 F.Supp.2d 822, 830 (D. Minn. 2010)).  A motion to strike should be granted "if the result is to make a trial less complicated or otherwise streamline the ultimate resolution of the action." *Daigle*, 713 F. Supp. 2d at 830.

## III. Discussion

Jones contends that Henry's indemnification counterclaim (1) is permissive and thus fails for lack of subject matter jurisdiction, (2) fails for lack of subject matter jurisdiction because it is not ripe, (3) fails to state a claim and for lack of subject matter jurisdiction due to preemption with the FLSA, and (4) fails to state a claim because the Cartage Agreement is unenforceable.  He further contends that the declaratory judgment counterclaim (1) fails for lack of subject matter jurisdiction because it is not ripe and (2)

fails to state a claim because it is duplicative. Each of the counterclaims is discussed in turn.

B. **Indemnification (Count II)**

Jones first contends that the Court lacks independent subject matter jurisdiction over the indemnification counterclaim because it is permissive rather than compulsory in nature. Jones accurately states that compulsory counterclaims need not be supported by independent grounds of federal jurisdiction and that permissive counterclaims do require independent grounds of federal subject matter jurisdiction. *Shelter Mut. Ins. Co. v. Pub. Water Supply Dist. No. 7 of Jefferson County, Mo.*, 747 F.2d 1195, 1197 (8th Cir. 1984). However, even if Henry's counterclaims are permissive, their federal subject matter jurisdiction is grounded in this Court's diversity jurisdiction. Henry's counterclaim states that this "Court also has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) because the parties are from different states, and the amount in controversy exceeds $75,000." (#8 at Counterclaim ¶ 5.) Jones does not appear to contest that diversity jurisdiction is present in this case. As a result, this Court need not address whether the indemnification counterclaim is compulsory or permissive. Similarly, this Court will not address the plaintiff's arguments about "supplemental jurisdiction" in light of the fact that this Court may exercise diversity jurisdiction over the claim.

In his reply brief, Jones argues that the indemnification counterclaim is not yet ripe because it is premised on the fact plaintiff filed a lawsuit alleging he was misclassified as an independent contractor, and no judgment has issued. Plaintiff states

5

that until the Court determines whether plaintiff was wrongfully terminated and retaliated against under the FLSA, Henry's counterclaim for indemnification is premature. This Court disagrees. In Missouri, indemnification contracts can indemnify against liability, against loss, or both. *Scheck Indus. Corp. v. Tarlton Corp.*, 435 S.W.3d 705, 730 (Mo. Ct. App. 2014). Here, the Cartage Contract requires Jones to indemnify Henry from "all liabilities, damages, fees, fines, penalties, and claims of any kind, costs of suit, settlements, judgements, and another other expense (including attorneys' fees)." As this Court held in a nearly factually identical case, *Hose v. Henry Indus., Inc.*, No. 4:15-cv-1913-JAR, 2017 WL 386545, at *3 (E.D. Mo. Jan. 27, 2017), the "indemnification counterclaim seeks reimbursement for a loss that falls squarely within the contract's indemnification clause, i.e. attorney's fees" that Henry has incurred as a result of the alleged breach of contract by Jones. Defendant Henry thus need not establish that it suffered a liability or that a judgment has been entered against it for its counterclaim to be ripe for judicial review. *See id.*

Next, Jones suggests that the indemnification claim is preempted by, and fundamentally inconsistent with, the FLSA and its remedial scheme. Jones argues that, if permitted to stand, Henry's counterclaims would undermine the very purpose of the FLSA by allowing the putative employer to seek reimbursement of attorneys' fees incurred in defendant against plaintiff's filing of a lawsuit under the FLSA.

Jones points out that the Second, Fifth, and Fourth Circuits have all prohibited employer indemnity actions against employees. *See Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132, 143 (2d Cir. 1999); *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260,

6

1264 (5th Cir. 1986); *Lyle v. Food Lion*, 954 F.2d 984 (4th Cir. 1992). Indeed, the Supreme Court has held that no private contract between employer and employee can abrogate the rights and privileges set forth by the FLSA or otherwise run afoul of the FLSA's policy and purpose. *Jewell Ridge Coal v. Local No. 6167*, 325 U.S. 161, 167 (1945). The Supreme Court specifically stated that Congress intended "to achieve a uniform national policy of guaranteeing compensation for all work or employment engaged in by employees covered by the [FLSA]. Any custom or contract falling short of that basic policy, like an agreement to pay less than the minimum wage requirements, cannot be utilized to deprive employees of their statutory rights." *Jewell Ridge Coal Corp*, 325 U.S. at 167 (quoting *Tennessee Coal Co. v. Muscoda Local No. 123*, 321 U.S. 590, 602 (1944)).

Henry insists that its counterclaims are far removed from that precedent. Although Henry agrees that an indemnity action against an employee may contravene the purposes of the FLSA and be unenforceable, Henry's position is that Jones is an independent contractor. If the Court holds that Jones was an independent contractor, then the FLSA does not apply. *See Dole v. Amerilink Corp.*, 729 F. Supp. 73, 75 (E.D. Mo. 1990). Henry alleges facts to support that Henry was an independent contractor, and Henry points out those factual allegations must be taken as true for the purposes of a Rule 12(b)(6) motion to dismiss. *Cole*, 599 F.3d at 861. Moreover, the cases Jones cites to support the proposition that there can be no right to indemnification under the FLSA pertain to circumstances in which the plaintiffs were employees. *See Herman*, 172 F.3d

at 143; *LeCompte*, 780 F.2d at 1264; *Lyle*, 954 F.2d 984; *Gustafson v. Bell Atlantic Corp.*, 171 F. Supp. 2d 311, 327-28 (S.D.N.Y. 2011).

On the one hand, if Jones is found to be an employee, then the contract requiring that Jones indemnify Henry would be invalid, as it would seek to ensure indemnification for FLSA liability. Although there is no Eighth Circuit precedent explicitly prohibiting such a result (*cf. Herman*, 172 F.3d at 144), that result surely would be in contravention of Supreme Court precedent holding that a contract between employer and employee "cannot be utilized to deprive employees of their statutory rights." *Jewell Ridge Coal Corp.*, 325 U.S. at 167. On the other hand, if Jones is not an employee, then the Cartage Contract does not seek to indemnify Henry for FLSA liability because Henry would have no FLSA liability.

More than one court has upheld, at the motion to dismiss stage, indemnification counterclaims in the FLSA context against plaintiffs alleged to be independent contractors. *Spellman v. American Eagle Express, Inc.*, 680 F. Supp. 2d 188 (D.D.C. 2010); *Hose*, 2017 WL 386545; *Dobbins v. Scriptfleet, Inc.*, No. 8:11cv1923-T-24-AEP, 2012 WL 2282560, at *1 (M.D. Fla. June 18, 2012). As those courts have held, the question of whether or not the plaintiff is an independent contractor or an employee must be answered by looking to the "economic realities" of the parties' relationship. *Dole*, 729 F. Supp. at 75. Only after that determination has been made will the Court be able to determine whether Henry's indemnification counterclaim is prohibited by the FLSA. *See Hose*, 2017 WL 386545 at *5.

8

Finally, plaintiff contends that Henry's indemnification counterclaim fails to state a claim because Section 7 of the Cartage Contract is invalid and unenforceable under Missouri Law. "Unconscionability has two aspects: procedural unconscionability and substantive unconscionability. Procedural unconscionability deals with the formalities of making the contract, while substantive unconscionability deals with the terms of the contract itself." *State ex rel. Vincent v. Schneider*, 194 S.W.3d 853, 858 (Mo. banc 2006). Plaintiff argues that Section 7 is both substantively and procedurally unconscionable. As this Court held in a similar matter, the contract --- to the extent it binds independent contractors and not employees as discussed above --- does not include unduly harsh terms. *See Hose*, 2017 WL 386545 at *3. As for any alleged procedural unconscionability, plaintiff does not allege any facts in support such as that the defendant made misrepresentations during formation. The contract also contains no fine print; in fact, the pertinent section is in all capital letters whereas the remainder of the contract is in normal print. *Id.* The indemnification counterclaim is thus not subject to dismissal based on unconscionability of Section 7.

Ultimately, the Court notes plaintiff's arguments are based on policy and not on the law. Although it appears to this Court that an indemnification provision in an independent contractor agreement such as the Cartage Contract here may have a chilling effect on an individual's inclination to bring an FLSA claim, the dichotomy created by the case law is clear: employees receive FLSA protections, but independent contractors do not.

## B. Declaratory Judgment (Count I)

Henry seeks a declaration that Jones is an independent contractor and thus cannot seek relief under the FLSA, which applies only to employees. Plaintiff suggests that Henry's declaratory judgment claim is not ripe. A ripeness inquiry requires examination of whether the issues are fit for judicial decision at this stage of the proceedings and the hardship to the parties if the court withholds consideration. *Pub. Water Supply Dist. No. 10 of Cass County, Mo. v. City of Peculiar, Mo.*, 345 F.3d 570, 572-733 (8th Cir. 2003). Jones contends that Henry's declaratory judgment count is not ripe because it involves "an issue…which has not been developed factually or addressed yet in this litigation" and "substantial, unresolved factual issues exist." (#13 at 9.)

A case "is more likely to be ripe if it poses a purely legal question and is not contingent on future possibilities." *Pub. Water Supply Dist.*, 345 F.3d at 573. No future contingencies are present here, however, where Henry and Jones's relationship has terminated and Jones has brought suit against Henry. With respect to hardship, parties "need not wait until the threatened injury occurs, but the injury must be certainly impending." *Id.* (internal quotations omitted). Again, Jones has brought suit against Henry, and from Henry's perspective, injury is already occurring. Henry's declaratory judgment counterclaim is ripe for adjudication.

Jones also suggests that the declaratory judgment count should be dismissed because it is redundant. Dismissal or striking of counterclaims seeking declaratory relief on the basis that such claim is redundant or duplicative is disfavored in the early stages of litigation, *Bailey-Todd v. Washington Univ.,* No. 4:14CV00384 TIA, 2015 WL 331803 at

*2 (E.D. Mo. Jan. 23, 2015). Rather, Missouri courts instruct that the "safer course…is to deny a request to dismiss a counterclaim for declaratory relief as redundant unless there is no doubt that it will be rendered moot by adjudication of the main action." *Fidelity Nat'l Title Ins. Comp. v. Captiva Lake Investments, LLC,* 788 F. Supp. 2d at 973 (E.D. Mo. 2011). Although the declaratory judgment claim is certainly related to Jones's own claims, Jones's claims go to whether or not Henry retaliated against him for allegedly engaging in protected activity, whereas the merits of Henry's claim seek a determination of the relationship between the parties. This Court has held that a counterclaim will not be dismissed as redundant unless "a complete identity of factual and legal issues exist[s] between the complaint (and answer thereto) and counterclaim," and the party seeking the dismissal bears the burden of demonstrating that "complete identity." *Handi-Craft Co. v. Travelers Cas. & Surety Co. of Am.*, No. 4:12CV63JCH, 2012 WL 1432566, at *3 (E.D. Mo. Apr. 25, 2012), *cited by Bailey-Todd,* 2015 WL 331803 at *3. In *Bailey-Todd*, for example, plaintiff asserted a claim of wrongful discharge and retaliation premised upon her rights under the FLSA, and the defendant sought a declaration that plaintiff was properly classified as an exempt employee and thus not entitled to overtime pay. 2015 WL 331803 at *1-3. This Court declined to dismiss the counterclaims as duplicative. *Id.* Similarly, here, the claim is not so obviously duplicative that it requires dismissal. Nor is it problematic that the claim is duplicative of Henry's affirmative defenses. *See id.* at *3.

The declaratory judgment counterclaim will not be dismissed.

IV. **Conclusion**

Plaintiff's motion to dismiss defendant's counterclaims will be denied.

11

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to dismiss counterclaims (#12) is **DENIED**.

Dated this 8th day of February, 2017.

                                                               STEPHEN N. LIMBAUGH, JR.
                                                               UNITED STATES DISTRICT JUDGE